COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 West-Plaza One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
Telephone: 201/845-9600
201/845-9423 (fax)

[Proposed] Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

[Proposed] Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY DUDLEY, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRISTIAN W. E. HAUB, et al.,<br><br>    Defendants. | No. 2:11-cv-05196-WJM-MF<br><br><u>CLASS ACTION</u><br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE PENSION FUNDS' MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL<br><br>MOTION DATE: December 5, 2011 |

664588_1

## TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................1

II. STATEMENT OF FACTS ......................................................................................2

III. ARGUMENT ..........................................................................................................3

    A. The Pension Funds Satisfy the PSLRA and Should Be Appointed Lead Plaintiff ........................................................................3

        1. The Pension Funds Have Timely Moved for Appointment as Lead Plaintiff ......................................................5

        2. The Pension Funds Have the Requisite Financial Interest in the Relief Sought by the Class ..................................................5

        3. The Pension Funds Otherwise Satisfy Federal Rule of Civil Procedure 23 ......................................................................6

    B. The Pension Funds' Selection of Counsel Should Be Approved .........8

IV. CONCLUSION .......................................................................................................9

# TABLE OF AUTHORITIES

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Greebel v. FTP Software*,
   939 F. Supp. 57 (D. Mass. 1996) ...................................................................................4

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ............................................................................3, 5, 6, 7

*In re Enron Corp., Sec. Litig.*,
   206 F.R.D. 427 (S.D. Tex. 2002) ...................................................................................8

*Lax v. First Merchants Acceptance Corp.*,
   No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866
   (N.D. Ill. Aug. 11, 1997) .................................................................................................4

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
   §78u-4 ..............................................................................................................................1
   §78u-4(a)(1)-(3)(B)(i) ....................................................................................................3
   §78u-4(a)(3)(A)(i) ..........................................................................................................3
   §78u-4(a)(3)(A)-(B) ...................................................................................................4, 5
   §78u-4(a)(3)(B) ..........................................................................................................4, 5
   §78u-4(a)(3)(B)(iii) ....................................................................................................1, 5
   §78u-4(a)(3)(B)(iii)(I)(cc) ..............................................................................................6
   §78u-4(a)(3)(B)(v) .....................................................................................................1, 8

Federal Rules of Civil Procedure
   Rule 23 ..............................................................................................................5, 6, 7, 8
   Rule 23(a) .......................................................................................................................6
   Rule 23(a)(3) ...............................................................................................................6, 7
   Rule 23(a)(4) ..................................................................................................................7

The City of New Haven Employees' Retirement System and Plumbers and Pipefitters Locals 502 & 633 Pension Trust Fund (jointly, the "Pension Funds"), respectfully submit this memorandum of law in support of their motion for appointment as lead plaintiff in the above-referenced action pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, and for approval of their selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as lead counsel for the class, and Cohn Lifland Pearlman Herrmann & Knopf LLP ("Cohn Lifland") as liaison counsel.

## I.   INTRODUCTION

This action was brought on behalf of persons who purchased or otherwise acquired publicly-traded securities of The Great Atlantic and Pacific Tea Company, Inc.'s ("A&P" or the "Company") between July 23, 2009 and December 10, 2010, inclusive, (the "Class Period").

The Pension Funds should be appointed lead plaintiff because: (1) they timely filed their motion; (2) to their knowledge, have the largest financial interest in this litigation; and (3) they will fairly and adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* §III.A.2 *infra*.  In addition, the Pension Funds' selection of Robbins Geller to serve as lead counsel and Cohn Lifland to serve as liaison counsel should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

- 2 -

## II. STATEMENT OF FACTS[1]

A&P was founded in 1859 and currently operates conventional supermarkets, combination food and drug stores, and discount food stores.  The complaint alleges that, throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects.  Specifically, the complaint alleges that defendants failed to disclose the following adverse facts, among others: (i) that A&P was facing increased low-cost competition from retailers such as Wal-Mart and Target Corp., which was negatively impacting the Company's business and financial condition; (ii) that the Pathmark Stores, Inc. acquisition was a complete disaster for the Company as Pathmark's operations were in far worse condition than had been represented to investors; (iii) that A&P was not operating according to internal expectations and could not achieve the guidance sponsored and/or endorsed by defendants; and (iv) that, as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company, its operations and prospects.

On July 23, 2010, A&P issued a press release announcing its fiscal 2010 first quarter results and that the Company had launched a "turnaround," designed to strengthen A&P's operating and financial foundation.  On August 13, 2010, A&P

---

[1] These facts come from the Complaint filed in *Dudley v. Haub*, No. 2:11-cv-05196-WJM-MF (D.N.J.), filed September 9, 2011.

announced the closing of certain stores as part of the Company's operational and revenue-driven turnaround initiative, the purported "Turnaround Strategy", designed to generate sustained profitability and cash flow, drive sales growth, restore competitive margins to the business and strengthen the foundation of the Company for the long term.  Then on December 10, 2010, A&P shocked investors after revealing, for the first time, that the Company was performing so far below expectations and the purported Turnaround Strategy was failing so miserably that the Company would likely be forced to file for bankruptcy protection.  In response to this announcement, the price of A&P securities declined precipitously.

### III.   ARGUMENT

#### A.   The Pension Funds Satisfy the PSLRA and Should Be Appointed Lead Plaintiff

The PSLRA established the procedure that governs the appointment of a lead plaintiff in each private action arising under the Securities Exchange Act of 1934 "the "Exchange Act") that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure.  15 U.S.C. §78u-4(a)(1)-(3)(B)(i); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff.  15 U.S.C. §78u-4(a)(3)(A)(i).  Here, the

- 3 -

664588_1

relevant notice was published on *Business Wire* on September 9, 2011.² Declaration of Peter S. Pearlman in Support of the Pension Funds' Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("Pearlman Decl."), Ex. A. Within 60 days after publication of the notice, any "person" or "group of persons" who are members of the proposed class may apply to the court to be appointed as lead plaintiff, regardless of whether they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or **group of persons** that –
>
> > (aa) has either filed the complaint or made a motion in response to a notice . . . ;

---

² The national newswire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "'in a widely circulated national business-oriented publication or wire service.'" *Greebel v. FTP Software*, 939 F. Supp. 57, 62 (D. Mass. 1996) (citation omitted); *see Lax v. First Merchants Acceptance Corp.*, No. 97 C 2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 11, 1997).

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii) (emphasis added).

### 1. The Pension Funds Have Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for the appointment of lead plaintiff in this matter must do so by November 8, 2011. *See* 15 U.S.C. §78u-4(a)(3)(A)-(B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice, the Pension Funds hereby timely move this Court to be appointed lead plaintiff on behalf of all members of the class. The Pension Funds have also duly signed and filed certifications stating their willingness to serve as representative parties on behalf of the class. *See* Pearlman Decl., Ex. B.

### 2. The Pension Funds Have the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, the Pension Funds suffered losses of over $663,366 based on their expenditure of over $973,461, purchasing 221,145 shares of A&P during the Class Period. Pearlman Decl., Exs. B-C. Upon information and belief, because the Pension Funds' financial interest in this matter is the largest of any competing lead plaintiff movant, they should be appointed lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B); *Cavanaugh*, 306 F.3d at 732.

### 3.     The Pension Funds Otherwise Satisfy Federal Rule of Civil Procedure 23

According to 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.  Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant.  *See Cavanaugh*, 306 F.3d at 729-30.  Consequently, in deciding a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed.  *Id.*

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class.  Typicality exists where the plaintiff's claims arise from the same series of events and are based on the same legal theories as the claims of all the class members.  *See id.*  Typicality does not require that there be no factual differences between the class representatives and the class members, because it is the

generalized nature of the claims asserted which determines whether the class representatives are typical. *See id.* The requirement that the proposed class representative's claims be typical of the claims of the class does not mean, however, that the claims must be identical.

The Pension Funds satisfy the typicality requirement of Rule 23 because, just like all other class members, they: (1) purchased or acquired A&P securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby. Thus, the Pension Funds' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23 the representative party must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The PSLRA directs the court to limit its inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members; and (2) the class representative's choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *See Cavanaugh*, 306 F.3d at 732-33.

Here, the Pension Funds are adequate class representatives because their interest in aggressively and vigorously pursuing the claims against defendants is clearly aligned with the interests of the members of the class, who similarly suffered losses because of defendants' false statements to the market. Further, there is no

- 7 -

antagonism between the Pension Funds' interests and those of the other members of the class and, as demonstrated below, the Pension Funds' proposed lead counsel is highly qualified, experienced and able to conduct this complex litigation in a professional manner.  Thus, the Pension Funds have made a *prima facie* showing that they satisfy the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B. The Pension Funds' Selection of Counsel Should Be Approved

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent.  In that regard, the Pension Funds, as the presumptively most adequate plaintiff, have selected Robbins Geller to serve as lead counsel and Cohn Lifland as liaison counsel for the class.  *See* Pearlman Decl., Exs. D-E.  Robbins Geller possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors.  It has been appointed as lead counsel in landmark class actions, including *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427 (S.D. Tex. 2002).  In approving the lead plaintiff's choice of Robbins Geller as sole lead counsel in *Enron*, the Honorable Melinda Harmon found that "the submissions of [Robbins Geller] stand out in the breadth and depth of its research and insight."  *Id.* at 458; *see also* Pearlman Decl., Ex. D.

Thus, the Court can be assured that by approving the Pension Funds' choice of Robbins Geller as lead counsel, the class will receive the highest caliber of representation.

Accordingly, the Court should approve the Pension Funds' selection of Robbins Geller as lead counsel for the class and Cohn Lifland as liaison counsel.

## IV.  CONCLUSION

For the foregoing reasons, the Court should appoint the Pension Funds as lead plaintiff, and approve their selection of Robbins Geller as lead counsel for the class and Cohn Lifland as liaison counsel.

DATED:  November 8, 2011	COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN


            s/ PETER S. PEARLMAN            
            PETER S. PEARLMAN

Park 80 West-Plaza One
250 Pehle Ave., Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

[Proposed] Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

>ROBBINS GELLER RUDMAN
>  & DOWD LLP
>TRICIA L. McCORMICK
>655 West Broadway, Suite 1900
>San Diego, CA  92101
>Telephone:  619/231-1058
>619/231-7423 (fax)
>
>[Proposed] Lead Counsel for Plaintiffs

- 10 -

664588_1

CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 8, 2011.

s/ PETER S. PEARLMAN
PETER S. PEARLMAN

COHN LIFLAND PEARLMAN
    HERRMANN & KNOPF LLP
Park 80 West-Plaza One
250 Pehle Ave., Suite 401
Saddle Brook, NJ  07663
Telephone:  201/845-9600
201/845-9423 (fax)

E-mail: psp@njlawfirm.com

664588_1

# Mailing Information for a Case 2:11-cv-05196-WJM -MF

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **PETER S. PEARLMAN**
  PSP@njlawfirm.com,gv@njlawfirm.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)