COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 West-Plaza One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
Telephone:  201/845-9600
201/845-9423 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
ERIN W. BOARDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY DUDLEY, Individually and On Behalf of All Others Similarly Situated, | No. 2:11-cv-05196-WJM-MF |
|       Plaintiff, | <u>CLASS ACTION</u> |
| vs. | SETTLEMENT AGREEMENT |
| CHRISTIAN W. E. HAUB, et al., | |
|       Defendants. | |

938884_5

This Settlement Agreement dated May 8, 2014 (the "Stipulation" or the "Settlement Agreement"), submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure and Rule 408 of the Federal Rules of Evidence, embodies a settlement (the "Settlement") made and entered into by and among the following Settling Parties: (i) City of New Haven Employees' Retirement System and Plumbers and Pipefitters Locals 502 & 633 Pension Trust Fund ("Lead Plaintiffs" or "Plaintiffs"), on behalf of themselves and each of the members of the Class, as defined in ¶¶1.3-1.4, *infra*, on the one hand, and (ii) Frederic Brace, Eric Claus, Brenda M. Galgano and Christian W.E. Haub (the "Settling Defendants") on the other hand, by and through their counsel of record in the above-captioned litigation pending in the United States District Court for the District of New Jersey (the "Action"). The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims, upon and subject to the terms and conditions hereof and subject to the approval of the Court. Throughout this Stipulation, all capitalized terms used, but not immediately defined, have the meanings given to them in Part IV.1, below.

## I.   THE LITIGATION

This Action was commenced on September 9, 2011 with the filing of an initial complaint in the United States District Court for the District of New Jersey (the "Court") alleging violations of the federal securities laws. On December 8,

2011, by order of the Court, City of New Haven Employees' Retirement System and Plumbers and Pipefitters Locals 502 & 633 Pension Trust Fund were appointed as Lead Plaintiffs, Robbins Geller Rudman & Dowd LLP was appointed Lead Counsel for the class, and Cohn Lifland Pearlman Herrmann & Knopf LLP was appointed as Liaison Counsel by the Court.

On March 16, 2012, Lead Plaintiffs filed an amended complaint (the "Amended Complaint"). The Amended Complaint asserts claims under §§10(b) and 20(a) of the Securities Exchange Act of 1934 (15 U.S.C. §§78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5) against the Settling Defendants and, in addition, Ronald Marshall, Samuel Martin, Ronald Burkle and The Yucaipa Companies LLC (the "Dismissed Defendants").

The Settling Defendants and Dismissed Defendants filed two motions to dismiss on June 22, 2012. Lead Plaintiffs opposed the motions. On April 30, 2013, the Court issued an Opinion denying in part and granting in part the motions to dismiss. Specifically, the Court dismissed a portion of the Lead Plaintiffs' claims against the Settling Defendants but permitted the Lead Plaintiffs to proceed against the Settling Defendants on certain identified theories of liability, and the Court dismissed all of Lead Plaintiffs' claims against the Dismissed Defendants. The Settling Defendants answered the Amended Complaint on July 2, 2013.

938884_5

The Settling Parties exchanged initial disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure on August 29, 2013.  The Settling Parties attended a pretrial conference before Magistrate Judge Mark Falk on September 3, 2013, and Judge Falk entered a Pretrial Scheduling Order on September 18, 2013. In accordance with the pretrial schedule, the Settling Parties exchanged initial discovery requests.

On November 21, 2013, the Settling Parties attended a mediation session with David Geronemus, Esq. of JAMS, during which the Settling Parties reached an agreement-in-principle to resolve the Action.

## II.   CLAIMS OF LEAD PLAINTIFFS AND BENEFITS OF SETTLEMENT

Lead Plaintiffs and Lead Counsel believe that the claims asserted in the Action have merit.  However, Lead Plaintiffs and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against the Settling Defendants through trial and appeal. Lead Plaintiffs and Lead Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Action, as well as the risks posed by the difficulties and delays inherent in such litigation.  Lead Plaintiffs and Lead Counsel also are aware of the defenses to the securities law violations asserted in the Action.  Lead Plaintiffs and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits

- 3 -

upon the Class in light of the circumstances present here.   Based on their evaluation, Lead Plaintiffs and Lead Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiffs and the Class.

## III.   SETTLING DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

The Settling Defendants have denied and continue to deny that they have violated the federal securities laws or any other laws or have otherwise misled investors as alleged in the Action.   Each Settling Defendant has denied and continues to deny specifically each and all of the claims alleged in the Action, along with all charges of wrongdoing or liability against each Settling Defendant arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.   The Settling Defendants also have denied and continue to deny, *inter alia*, the allegations that any of the Settling Defendants made any material misstatements or omissions; that any member of the Class has suffered damages; that the prices of the securities of The Great Atlantic & Pacific Tea Company, Inc. ("A&P" or the "Company") were artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; that the members of the Class were harmed by the conduct alleged in the Action; or that the Settling Defendants knew about or were reckless with respect to the alleged misconduct.   In addition, the Settling Defendants maintain that they have meritorious defenses to all claims alleged in the Action.

- 4 -

938884_5

Nonetheless, taking into account the uncertainty, risks, and costs inherent in any litigation, especially in complex cases such as this Action, the Settling Defendants have concluded that further conduct of the Action could be protracted, burdensome, expensive, and distracting. The Settling Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation. As set forth in ¶9.4, below, and pursuant to the Federal Rules of Evidence, this Stipulation shall in no event be construed as or deemed to be evidence of an admission or concession by the Settling Defendants with respect to any claim of any fault or liability or wrongdoing or damage whatsoever.

## IV.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Lead Plaintiffs (for themselves and all members of the Class), on the one hand, and the Settling Defendants, on the other hand, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation, as follows.

938884_5

## 1.    Definitions

As used in the Stipulation the following terms have the meanings specified below:

1.1    "Authorized Claimant" means any member of the Class who submits a timely and valid Proof of Claim and Release form and whose claim for recovery has been allowed pursuant to the terms of the Stipulation.

1.2    "Claims Administrator" means the firm of Gilardi & Co. LLC.

1.3    "Class" means all Persons who purchased A&P publicly-traded securities between July 23, 2009 and December 10, 2010, inclusive.   Excluded from the Class are:

(a)    Persons or entities who submit valid and timely requests for exclusion from the Class; and

(b)    Defendants, the Company, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Settling Defendants have or had a controlling interest.

1.4    "Class Member" means a Person who falls within the definition of the Class as set forth in ¶1.3 of this Stipulation.

1.5    "Class Period" means the period July 23, 2009 through December 10, 2010, inclusive.

- 6 -

1.6    "Defendants" means Settling Defendants and Dismissed Defendants.

1.7    "Effective Date" means the first date by which all of the events and conditions specified in ¶8.1 of the Stipulation have been met and have occurred.

1.8    "Escrow Account" means the account controlled by the Escrow Agent.

1.9    "Escrow Agent" means Robbins Geller Rudman & Dowd LLP or its successor(s).

1.10   "Final" means when the last of the following with respect to the Judgment approving the Settlement, in the form of Exhibit B attached hereto, shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of this Stipulation or with such modifications thereto that counsel for all Settling Parties agree to in writing.  For purposes of this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this

Settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and expenses or any Plan of Distribution of the Settlement Fund.

1.11   "Judgment" means the judgment and order of dismissal with prejudice to be rendered by the Court upon approval of the Settlement, in the form attached hereto as Exhibit B, subject to any amendment to the form to comply with the Court's direction.

1.12   "Lead Counsel" means Robbins Geller Rudman & Dowd LLP, 58 South Service Road, Suite 200, Melville, NY 11747.

1.13   "Lead Plaintiffs" means City of New Haven Employees' Retirement System and Plumbers and Pipefitters Locals 502 & 633 Pension Trust Fund.

1.14   "Net Settlement Fund" means the portion of the Settlement Fund that shall be distributed to Authorized Claimants as allowed by the Court.

1.15   "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her or its spouses, heirs, predecessors, successors, representatives, or assignees.

1.16   "Plaintiffs' Counsel" means any counsel who filed a complaint in the Action or any action that has been consolidated with the Action.

938884_5

1.17 "Plan of Distribution" means a plan or formula of allocation of the Net Settlement Fund whereby the Settlement Fund shall be distributed to Authorized Claimants. Any Plan of Distribution is not part of the Stipulation and the Released Persons shall have no responsibility or liability with respect thereto.

1.18 "Released Claims" means any and all claims, whether known or unknown (including, but not limited to, "Unknown Claims"), that were asserted or could have been asserted in this Action by Lead Plaintiffs or members of the Class arising from both (i) the purchase, retention, sale or other transfer or disposition of publicly-traded securities issued by A&P during the Class Period, and (ii) the acts, facts, statements or omissions that were asserted or could have been asserted in the Action by Lead Plaintiffs or members of the Class, whether brought directly, derivatively, or in any other capacity, against the Released Persons under federal, state or any other law.

1.19 "Released Persons" means each and all of Defendants, A&P and each and all of their respective present or former parents, subsidiaries, affiliates (as defined in 17 C.F.R. §210.1-02(b)), successors and assigns, and each and all of the respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, investment bankers, representatives, general and limited partners and partnerships, any trust of which any such persons or entities is a settlor, trustee or beneficiary, heirs,

executors, administrators, successors, affiliates, and assigns of each of them. "Released Persons" does not include Ronald Marshall.

1.20   "Settlement Amount" means the total principal amount of Nine Million Dollars ($9,000,000) in cash.

1.21   "Settlement Fund" means Nine Million Dollars ($9,000,000.00) in cash to be paid pursuant to ¶3.1 of this Stipulation, together with all interest and income earned thereon after payment of the Settlement Fund into the Escrow Account.

1.22   "Settling Parties" has the same meaning as defined above.

1.23   "Unknown Claims" means any Released Claims which Lead Plaintiffs or any Class Members do not know or suspect, regardless of whether they should have known or suspected, to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived to the fullest extent permitted by law the provisions, rights, and benefits of California Civil Code §1542, which provides:

- 10 -

938884_5

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Lead Plaintiffs shall expressly and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or any foreign law, which is similar, comparable, or equivalent to California Civil Code §1542.  Lead Plaintiffs and Class Members may hereafter discover facts in addition to or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims, but Lead Plaintiffs shall expressly, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Lead Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was

938884_5

separately bargained for and a key element of the Settlement of which this release is a part.

## 2.    CAFA Notice

2.1    Pursuant to the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after the Settlement Agreement is filed with the Court, the Settling Defendants shall serve proper notice of the proposed Settlement upon the United States Attorney General and each State Attorney General.  Simultaneously, the Settling Defendants shall provide a copy of such notice as well as proof of service of such notice to counsel for Lead Plaintiffs.

## 3.    The Settlement

### a.    The Settlement Fund

3.1    The Settling Defendants shall cause Nine Million Dollars ($9,000,000.00) to be deposited into the Escrow Account within twenty (20) business days from the later of (1) the entry of an Order preliminarily approving the Settlement or (2) the receipt of appropriate and necessary payee information from Lead Counsel ("the Payment Date").  These funds, together with any interest and income earned thereon, shall constitute the Settlement Fund.  If the Settlement Fund is not fully funded within thirty (30) calendar days from the Payment Date, Lead Counsel may terminate the Settlement Agreement on fifteen (15) calendar days' notice to the Settling Defendants' counsel.  In the event that the Settlement Fund is not timely funded, regardless of the reason therefor, Lead Plaintiffs' sole

938884_5

remedy shall be their ability to terminate this Settlement Agreement. In no event may Lead Plaintiffs, Lead Counsel or any member of the Class seek to compel the Settling Defendants to fund, or make any claim against the Settling Defendants regarding the funding of, the Settlement Fund.

### b.  The Escrow Agent

3.2    The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶3.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. All risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

3.3    The Escrow Agent shall not disburse the Settlement Fund except (a) as provided in the Stipulation, (b) by an order of the Court, or (c) with the written agreement of counsel for the Settling Parties.

3.4    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of the Stipulation. The Settling Parties shall have no responsibility for, interest in, or liability whatsoever with

- 13 -

respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

3.5    All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

3.6    Prior to the Effective Date, the Escrow Agent, without further approval of Settling Defendants or the Court, may pay from the Settlement Fund up to $250,000.00 in notice and administration costs ("Class Notice and Administration Costs") associated with the administration of the Settlement, including, without limitation: the cost of identifying and locating members of the Class, mailing the Notice and Proof of Claim and Release form and publishing notice (such amount shall include, without limitation, the actual costs of publication, printing and mailing the Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting Class claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proof of Claim and Release forms, and paying escrow fees and costs, if any, and the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice and processing the submitted claims. Prior to the Effective Date,

938884_5

payment of any Class Notice and Administration Costs exceeding $250,000.00 shall require notice and agreement from the Settling Defendants, through the Settling Defendants' counsel. Subsequent to the Effective Date, without further approval by the Settling Defendants or the Court, the Settlement Fund may be used by Lead Counsel to pay reasonable and necessary Class Notice and Administration Costs in excess of $250,000.00.

### c.    Taxes

3.7    (a)    The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treas. Reg. §1.468B-1. In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶3.7, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)    For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent. Lead Counsel shall timely and properly file all

informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)). Such returns (as well as the election described in ¶3.7(a) hereof) shall be consistent with this ¶3.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶3.7(c) hereof.

(c)     All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Settling Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes ("Taxes"), and (b) expenses and costs incurred in connection with the operation and implementation of this ¶3.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶3.7) ("Tax Expenses"), shall be paid out of the Settlement Fund. In all events, except as otherwise provided for in this Stipulation, the Settling Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses. The Settlement Fund shall

indemnify and hold each of the Settling Defendants and their counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)); neither Settling Defendants nor their counsel are responsible nor shall they have any liability therefor. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶3.7.

### d.    Termination of Settlement

3.8    In the event that the Stipulation (i) is not approved, (ii) is terminated, canceled, or fails to become effective for any reason, including, without limitation, in the event the Judgment is reversed or vacated following any appeal taken therefrom, or (iii) is successfully collaterally attacked, the Settlement Fund (including accrued interest) less expenses actually incurred or due and owing for

- 17 -

Class Notice and Administration Costs, Taxes or Tax Expenses pursuant to ¶¶3.6 or 3.7, shall be paid in accordance with the written instructions from the Settling Defendants' counsel.

### 4.    Order Preliminarily Approving Settlement and Providing for Notice and Settlement Hearing

4.1    As soon as practicable following execution of this Settlement Agreement, the Settling Parties shall submit the Stipulation together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an Order Preliminarily Approving Settlement and Providing for Notice (the "Preliminary Approval Order"), in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in the Stipulation and approval for the mailing of a settlement notice (the "Notice") and publication of a summary notice, in the forms of Exhibits A-1 and A-3 attached hereto.  The Notice shall include the general terms of the Settlement set forth in the Stipulation, the proposed Plan of Distribution, the general terms of the Fee and Expense Application, and the date of the Settlement Hearing.

4.2    Lead Counsel shall request that after notice is given to the Class, the Court hold a hearing (the "Settlement Hearing") and approve the Settlement of the Action as set forth herein.  At or after the Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of Distribution and the Fee and Expense Application.

- 18 -

## 5.    Releases

5.1    Upon the Effective Date, Lead Plaintiffs and each of the Class Members who have not validly opted out of the Class shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged (whether or not such Class Members execute and deliver the Proof of Claim and Release form) all Released Claims (including, without limitation, any Unknown Claims) against the Released Persons, as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

5.2    Upon the Effective Date, Lead Plaintiffs and each of the Class Members who have not timely opted out of the Class, and their predecessors, successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants, or any other Released Persons, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, any Unknown Claims), as well as any claims arising out of, relating to,

- 19 -

or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

5.3    The Proof of Claim and Release form to be executed by Class Members shall release all Released Claims against the Released Persons and shall be substantially in the form contained in Exhibit A-2 attached hereto.

5.4    Upon the Effective Date, each of the Defendants, except Ronald Marshall, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and Lead Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

### 6.    Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

6.1    The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class as set forth in ¶4.1 above, subject to any Court modification, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

938884_5

6.2    Within five (5) calendar days of the Court's preliminary approval of this Stipulation, the Settling Defendants will request that A&P cause its transfer agent during the Class Period to provide to the Claims Administrator in a computer-readable format, the last known names and addresses of all A&P shareholders of record during the Class Period. The expense of obtaining and providing such names and addresses shall be paid out of the Settlement Fund.

6.3    In accordance with the schedule set forth in the Preliminary Approval Order, Lead Counsel will cause to be mailed to all shareholders of record identified by A&P's transfer agent the Notice, substantially in the form of Exhibit A-1 attached hereto, and a Proof of Claim and Release form, substantially in the form of Exhibit A-2 attached hereto. The Notice shall set forth the terms of the Stipulation, including the proposed Plan of Distribution and Lead Counsel's request for attorneys' fees and expenses and expenses of the Lead Plaintiffs; the date and time of the Settlement Hearing; the right to object to the Settlement, proposed Plan of Distribution, or request for fees and expenses; the right to appear at the Settlement Hearing; and the right to request exclusion from the Class. The Notice and Proof of Claim and Release form shall also be posted on the Claims Administrator's website. In accordance with the schedule set forth in the Preliminary Approval Order, a summary notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of

- 21 -

*Investor's Business Daily* and once over a national newswire service. The cost of providing such notice shall be paid out of the Settlement Fund. Not later than twenty-one (21) days prior to the Settlement Hearing, Lead Counsel shall serve on the Settling Defendants' counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

  6.4 The Settlement Fund shall be applied as follows:

    (a) to pay Lead Counsel's attorneys' fees and expenses (the "Fee and Expense Award") and Lead Plaintiffs' expenses, if and to the extent allowed by the Court;

    (b) to pay all Class Notice and Administration Costs;

    (c) to pay the Taxes and Tax Expenses described in ¶3.7 hereof; and

    (d) to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Distribution, or the Court.

  6.5 Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Distribution, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following ¶¶6.6-6.13.

6.6    Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim and Release form, substantially in the form of Exhibit A-2 attached hereto, postmarked by no later than ninety (90) calendar days after the date Notice is mailed, or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release form and as are reasonably available to such Person.

6.7    Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim and Release form by the Bar Date, or such other period as may be ordered by the Court, or who file a Proof of Claim and Release that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Lead Counsel may, in their discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

6.8    The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Distribution.  Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or

- 23 -

its *pro rata* share of the Net Settlement Fund.  The cost of these procedures shall be paid out of the Settlement Fund.

6.9     Following the Effective Date, the Settling Defendants shall not have a reversionary interest in the Net Settlement Fund.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, distribute such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution in an equitable and economical fashion.   These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* (no more than $10,000.00) and such remaining balance shall then be donated to an appropriate non-profit organization selected by Lead Counsel, in which Lead Counsel shall not have any financial interest or other affiliation.

6.10   The Released Persons and their counsel shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Distribution, the determination, administration, or calculation of claims, the payment or withholding of Taxes, or any losses incurred in connection therewith.

938884_5

6.11   The Settling Defendants shall take no position with respect to the Plan of Distribution or any other such distribution plan as may be approved by the Court.

6.12   It is understood and agreed by the Settling Parties that any proposed Plan of Distribution of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Distribution shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation.   Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Distribution.

6.13   No Person shall have any claim against Lead Plaintiffs, Lead Counsel, the Settling Defendants, the Settling Defendants' counsel, or the Claims Administrator based on distributions made substantially in accordance with the Court-approved Settlement, Stipulation, and Plan of Distribution, or otherwise as further ordered by the Court.

938884_5

7.    **Lead Counsel's Attorneys' Fees and Expenses; Lead Plaintiffs' Expenses**

7.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund for (a) an award of attorneys' fees to be paid out of the Settlement Fund plus (b) expenses incurred in connection with prosecuting the Action, plus interest on both amounts, calculated at the same rate and for the same time period as earned on the Settlement Amount until paid.   Lead Plaintiffs may submit a request for their expenses in representing the Class ("Lead Plaintiffs' Expense Request").   Neither Lead Counsel nor any Class Member shall be entitled to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund.

7.2    All attorneys' fees, costs and expenses awarded by the Court ("Attorneys' Fees Award") shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees, costs and expenses.   This provision shall apply notwithstanding timely objections to, potential for appeal from, or collateral attack on the Settlement. Lead Counsel shall thereafter allocate the Attorneys' Fees Award amongst other Plaintiffs' Counsel in a manner that Lead Counsel in good faith believes reflects the contributions of such counsel to the prosecution and settlement of the Action. The Settling Defendants shall have no obligation to make any payment other than

- 26 -

as provided for herein with respect to funding the Settlement Fund and shall have no responsibility with respect to the allocation of attorneys' fees, costs, and expenses amongst Plaintiffs' Counsel or with respect to payment of any Lead Plaintiffs' expense award. Any such awards shall be paid solely by the Settlement Fund. In the event that any award of attorneys' fees, costs or expenses is modified, reduced or reversed after a payment of Attorneys' Fees Award is made to Lead Counsel, Lead Counsel and all other Plaintiffs' Counsel to whom any portion of the Attorneys' Fees Award has been distributed agree to refund or repay the full amount of the Attorneys' Fees Award (less the amount, if any, that remains awarded to Lead Counsel taking into account s uch modification, reduction or reversal), together with interest thereon, within twenty (20) business days after any such order modifying, reversing or reducing an award is entered by the Court or any other court. Any Plaintiffs' Counsel that receives any portion of the Attorneys' Fees Award shall be jointly and severally liable for repayment of the full amount of the Attorneys' Fees Award.

7.3     The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application and the Lead Plaintiffs' Expense Request, to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation or the Plan of Distribution, and any order or proceeding relating to the Fee and Expense Application or the Lead Plaintiffs' Expense Request, or any

938884_5

appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

7.4     Released Persons shall have no responsibility for any payment of attorneys' fees and expenses to Lead Counsel, Plaintiffs' Counsel or any Class Member's counsel.  Released Persons shall have no responsibility for any payment of expenses to Lead Plaintiffs or any Class Member.  The exclusive source for any payments described in the preceding two sentences shall be the Settlement Fund.

7.5     Released Persons shall have no responsibility for the allocation among any Plaintiffs' Counsel or Class Member's counsel, and/or any other Person who may assert some claim thereto, of any fee or expense award that the Court may make in the Action.

## 8.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination

8.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     execution of the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)     the Settling Defendants have caused the deposit of the Settlement Fund into the Escrow Account;

938884_5

(c)     the Settling Defendants have not exercised their option to terminate the Stipulation pursuant to ¶8.3 hereof;

(d)     the Court has entered the Preliminary Approval Order, as required by ¶4.1 hereof;

(e)     the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action as set forth above; and

(f)     the Judgment has become Final, as defined in ¶1.10 hereof.

8.2     Upon the occurrence of all of the events referenced in ¶8.1 hereof, any and all remaining interest or right of the Settling Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶8.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶8.4 hereof unless Lead Counsel and counsel for the Settling Defendants mutually agree in writing to proceed with the Settlement.

8.3     If, prior to the Settlement Hearing, Persons who otherwise would be members of the Class have timely requested exclusion from the Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto, and such exclusions equal or exceed the limit specified in a separate "Supplemental Agreement" executed between Lead Plaintiffs and the Settling Defendants, the Settling Defendants shall have, in their sole and absolute discretion, the option to terminate this Stipulation and Settlement in accordance

- 29 -

with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement shall not be filed with the Court except that the substantive content of the Supplemental Agreement may be brought to the attention of the Court, *in camera*, if so requested by the Court or as otherwise ordered by the Court. The Settling Parties will keep the terms of the Supplemental Agreement confidential, except if compelled by judicial process to disclose the Supplemental Agreement. Copies of all requests for exclusion received, together with copies of all written revocations of requests for exclusion, shall be delivered to the Settling Defendants' counsel by Lead Counsel within three (3) business days of receipt by Lead Counsel but in no event later than seven (7) business days before the Settlement Hearing. The Settling Defendants may terminate the Stipulation and Settlement by serving written notice of termination on the Court and Lead Counsel postmarked on or before five (5) business days after the receipt of all of the copies of the requests for exclusion, on or before five (5) business days after the Court grants additional time for exclusion for any reason, or on or before three (3) business days before the Settlement Hearing, whichever occurs last. In the event that the Settling Defendants serve a written notice of termination, they may withdraw their written notice of termination by providing written notice of such withdrawal to Lead Counsel and to the Court by no later than 5:00 PM Eastern Time on the day prior

938884_5

to the Settlement Hearing, or by such later date as shall be agreed upon in writing as between Lead Counsel and the Settling Defendants' counsel.

8.4    Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, be canceled, or not become effective for any reason, within five (5) business days after written notification of such event is sent by counsel for the Settling Defendants or Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses, Taxes or Tax Expenses which have either been incurred or disbursed pursuant to ¶3.6 or ¶3.7 hereof, shall be refunded pursuant to written instructions from the Settling Defendants' counsel.  At the request of counsel for the Settling Defendants, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of the Settling Defendants' counsel.

8.5    In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of November 20, 2013.  In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.23, 3.6-3.8, 7.2, 8.4-8.5, 9.4-9.8, 9.10-9.15, 9.17, and 10.1 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any

938884_5

other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of November 20, 2013.  No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Distribution or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Counsel or expenses to Lead Plaintiffs shall constitute grounds for cancellation or termination of the Stipulation.

**9.     Miscellaneous Provisions**

9.1     The Settling Parties (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation.

9.2     Each of the Settling Defendants warrants and represents as to himself or herself only, that he or she is not "insolvent" within the meaning of 11 U.S.C. §101(32) as of the time the Stipulation is executed and as of the time the payments are actually transferred or made as reflected in the Stipulation.  In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Settlement Fund, or any portion

thereof, by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer or similar transaction under Title 11 of the United States Code (Bankruptcy) or applicable state law and any portion thereof is required to be refunded and such amount is not promptly deposited in the Settlement Fund by or on behalf of any other Defendant, then, at the election of Lead Counsel, as to the Defendant as to whom such order applies, the Settlement may be terminated and the releases given and the Judgment entered in favor of such Defendant pursuant to the Settlement shall be null and void. In such instance, the releases given and the Judgments entered in favor of other Defendants shall remain in full force and effect. Alternatively, Lead Counsel may elect to terminate the entire Settlement as to all Defendants and all of the releases given and the Judgments entered in favor of the Defendants pursuant to the Settlement shall be null and void and Lead Plaintiffs may proceed as if the Settlement were never entered into.

9.3     The Class Notice shall provide that any Class Member who wishes to exclude himself, herself or itself from the Class must request exclusion in writing within the time and in the manner set forth in the Class Notice. A request for exclusion shall not be valid and effective unless it provides all the required information and is received within the time provided or is otherwise accepted by the Court.

938884_5

9.4    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Action.  The Settlement shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Settling Parties and their counsel agree that they shall not assert or allege in any action, proceeding, or claim that any party hereto violated Rule 11 of the Federal Rules of Civil Procedure, and the Final Judgment shall contain a finding that all Settling Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and resolution of the Action.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the Settlement were negotiated in good faith by the Settling Parties with the assistance of the independent mediator and reflect a Settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Action, including that the Action was brought or defended in bad faith or without a reasonable basis.

9.5    Neither the Stipulation nor the Settlement contained herein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any

- 34 -

wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.6    All agreements made and orders entered during the course of the Action relating to the confidentiality of information shall survive this Stipulation. All discussions between the Settling Parties and their counsel, including discussions with the mediator, related to the Settlement in general and this Stipulation, shall be and remain confidential. Neither the Settling Parties nor their counsel shall, individually or collectively, make any disparaging remark concerning the other Settling Parties or their counsel in connection with the facts underlying the litigation or the prosecution thereof. In the event that a Settling Party receives a subpoena or request for the information provided for in this sub-

938884_5

section, it shall promptly notify the other Settling Parties in accordance with Section 10 hereof, in order to provide such other Settling Parties an opportunity to object or seek a court order for protection from such disclosure.

9.7     All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

9.8     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.9     The Stipulation and the Exhibits attached (together with the Supplemental Agreement referred to in ¶8.3) hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein (or, as between the Settling Defendants, in any agreement between them), each Settling Party shall bear its own costs.

9.10    Neither the Class Members nor the Settling Defendants shall be bound by the Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court modifies any proposed Plan of Distribution or criteria for allocation of the

Net Settlement Fund amongst Class Members, or the Plan of Distribution is modified on appeal. Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses, Lead Plaintiffs' expenses or the distribution of the Net Settlement Fund. Nor shall it be a basis to terminate the Stipulation if the Court denies, in whole or in part, the Fee and Expense Application or the Lead Plaintiffs' Expense Request. Notwithstanding any such modification of the terms or Plan of Distribution or the Stipulation with respect to attorneys' fees or expenses or Lead Plaintiffs' expenses, the Settling Defendants shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds to the Settlement Fund.

9.11   Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

9.12   Lead Plaintiffs and Lead Counsel represent and warrant that none of Lead Plaintiffs' claims or causes of action referred to in this Action or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

938884_5

9.13    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

9.14    The Stipulation may be executed in one or more counterparts.    All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

9.15    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

9.16    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation and any related orders or judgments, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

9.17    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed and all members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Persons.

9.18    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of New Jersey, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal,

938884_5

substantive laws of the State of New Jersey without giving effect to that State's choice-of-law principles.

### 10.    Notice

10.1   Any and all statements, communications, or notices to be provided pursuant to this Stipulation shall be in writing and sent by electronic mail or overnight delivery service.   Such notices shall be sent to the individuals listed below, or to such other individuals as the respective Settling Party may designate in writing from time to time.

> **Lead Counsel for Plaintiffs:**
> ROBBINS GELLER RUDMAN & DOWD LLP
> SAMUEL H. RUDMAN
> ROBERT M. ROTHMAN
> ERIN W. BOARDMAN
> 58 South Service Road, Suite 200
> Melville, NY 11747
> Telephone: 631/367-7100
> 631/367-1173 (fax)

**Counsel for Defendant Brenda M. Galgano:**

> O'MELVENY & MYERS, LLP
> BRADLEY J. BUTWIN
> WILLIAM J. SUSHON
> ALLEN W. BURTON
> 7 Times Square
> New York, NY 10036
> Telephone: 212/326-2000
> 212/326-2061 (fax)

**Counsel for Defendant Christian W.E. Haub:**

> CRAVATH, SWAINE & MOORE LLP
> GARY A. BORNSTEIN
> Worldwide Plaza
> 825 Eighth Avenue
> New York, NY 10019-7475
> Telephone: 212/474-1000
> 212/474-3700 (fax)

**Counsel for Defendant Eric Claus:**

FOX ROTHSCHILD LLP
ALAN R. FRIEDMAN
100 Park Avenue, Suite 1500
New York, NY 10017
Telephone: 212/878-1426
212/692-0940 (fax)

**Counsel for Defendant Frederic Brace:**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
RICHARD A. ROSEN
JAMES L. BOCHIN
1285 Avenue of the Americas
New York, NY 10019
Telephone: 212/373-3000
212/757-3990 (fax)

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated May 8, 2014.

COHN LIFLAND PEARLMAN
 HERRMANN & KNOPF LLP
PETER S. PEARLMAN


s/ Peter S. Pearlman
PETER S. PEARLMAN

Park 80 West-Plaza One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
Telephone: 201/845-9600
201/845-9423 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
ERIN W. BOARDMAN


s/ Robert M. Rothman
ROBERT M. ROTHMAN

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Lead Counsel for Plaintiffs

DYER & BERENS LLP
JEFFREY A. BERENS
303 East 17th Avenue, Suite 810
Denver, CO 80203
Telephone: 303/861-1764
303/395-0393 (fax)

HOLZER & HOLZER, LLC
COREY D. HOLZER
200 Ashford Center North, Suite 300
Atlanta, GA 30338
Telephone: 770/392-0090
770/392-0029 (fax)

- 41 -

938884_5

KAHN SWICK & FOTI, LLC
MICHAEL A. SWICK
500 5th Avenue, Suite 1810
New York, NY 10110
Telephone: 212/696-3730
504/455-1498 (fax)

Additional Counsel for Plaintiffs

O'MELVENY & MYERS, LLP
WILLIAM J. SUSHON
ALLEN W. BURTON

_____
            ALLEN W. BURTON

7 Times Square
New York, NY 10036
Telephone: 212/326-2000
212/326-2061 (fax)

Counsel for Defendant Brenda M. Galgano

LOWENSTEIN SANDLER LLP
LAWRENCE M. ROLNICK
SHEILA A. SADIGHI


_____
            GARY A. BORNSTEIN

65 Livingston Avenue
Roseland, NJ 07068
Telephone: 973/597-2468
973/597-2400 (fax)

CRAVATH, SWAINE & MOORE LLP
GARY A. BORNSTEIN
Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone: 212/474-1000
212/474-3700 (fax)

Counsel for Defendant Christian W.E.
Haub

KAHN SWICK & FOTI, LLC
MICHAEL A. SWICK
500 5th Avenue, Suite 1810
New York, NY 10110
Telephone: 212/696-3730
504/455-1498 (fax)

Additional Counsel for Plaintiffs

O'MELVENY & MYERS, LLP
WILLIAM J. SUSHON
ALLEN W. BURTON

_____
ALLEN W. BURTON

7 Times Square
New York, NY 10036
Telephone: 212/326-2000
212/326-2061 (fax)

Counsel for Defendant Brenda M. Galgano

LOWENSTEIN SANDLER LLP
LAWRENCE M. ROLNICK
SHEILA A. SADIGHI

*Sheila S. Sadighi / mbb*
_____
SHEILA S. SADIGHI

65 Livingston Avenue
Roseland, NJ 07068
Telephone: 973/597-2468
973/597-2400 (fax)

CRAVATH, SWAINE & MOORE LLP
GARY A. BORNSTEIN

_____
GARY A. BORNSTEIN

Worldwide Plaza
825 Eighth Avenue
New York, NY 10019-7475
Telephone: 212/474-1000
212/474-3700 (fax)

- 42 -

938884_5

FOX ROTHSCHILD LLP
ALAN R. FRIEDMAN

_____
ALAN R. FRIEDMAN

100 Park Avenue, Suite 1500
New York, NY 10017
Telephone: 212/878-1426
212/692-0940 (fax)

Counsel for Defendant Eric Claus

HARTMANN DOHERTY ROSA
   BERMAN & BULBULIA LLC
MARK A. BERMAN


_____
RICHARD A. ROSEN

65 Route 4 East
River Edge, NJ 07661
Telephone: 201/441-9056

PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
RICHARD A. ROSEN
1285 Avenue of the Americas
New York, NY 10019
Telephone: 212/373-3000
212/757-3990 (fax)

Counsel for Defendant Frederic Brace

- 43 -

Counsel for Defendant Christian W.E.
Haub

FOX ROTHSCHILD LLP
ALAN R. FRIEDMAN

---

ALAN R. FRIEDMAN

100 Park Avenue, Suite 1500
New York, NY 10017
Telephone: 212/878-1426
212/692-0940 (fax)

Counsel for Defendant Eric Claus

HARTMANN DOHERTY ROSA
   BERMAN & BULBULIA LLC
MARK A. BERMAN

---

MARK A. BERMAN

65 Route 4 East
River Edge, NJ  07661
Telephone: 201/441-9056

PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
RICHARD A. ROSEN

---

RICHARD A. ROSEN

1285 Avenue of the Americas
New York, NY  10019
Telephone: 212/373-3000
212/757-3990 (fax)

Counsel for Defendant Frederic Brace

- 43 -

Counsel for Defendant Christian W.E. Haub

FOX ROTHSCHILD LLP
ALAN R. FRIEDMAN

_____
ALAN R. FRIEDMAN

100 Park Avenue, Suite 1500
New York, NY 10017
Telephone: 212/878-1426
212/692-0940 (fax)

Counsel for Defendant Eric Claus

HARTMANN DOHERTY ROSA
   BERMAN & BULBULIA LLC
MARK A. BERMAN

_____
MARK A. BERMAN

65 Route 4 East
River Edge, NJ  07661
Telephone: 201/441-9056

PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP
RICHARD A. ROSEN

_____
RICHARD A. ROSEN

1285 Avenue of the Americas
New York, NY  10019
Telephone: 212/373-3000
212/757-3990 (fax)

Counsel for Defendant Frederic Brace

938884_4

- 43 -