COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 West-Plaza One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
Telephone: 201/845-9600
201/845-9423 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
& DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY DUDLEY, Individually and On Behalf of All Others Similarly Situated,<br>Plaintiff,<br>vs.<br>CHRISTIAN W. E. HAUB, et al.,<br>Defendants. | No. 2:11-cv-05196-WJM-MF<br><br>CLASS ACTION<br><br>LEAD PLAINTIFFS' REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR: (1) FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF DISTRIBUTION OF SETTLEMENT PROCEEDS; AND (2) AN AWARD OF ATTORNEYS' FEES AND COSTS, CHARGES AND EXPENSES<br><br>Motion Return Date: December 18, 2014 |

## I. INTRODUCTION

Pursuant to the Court's August 13, 2014 order preliminarily approving the settlement of the above-captioned litigation (the "Preliminary Approval Order") (Doc. 105), Lead Plaintiffs City of New Haven Employees' Retirement System and Plumbers and Pipefitters Locals 502 & 633 Pension Trust Fund respectfully submit this reply in further support of the Motion for Final Approval of Class Action Settlement and Plan of Distribution of Settlement Proceeds, and an Award of Attorneys' Fees and Costs, Charges and Expenses.[1]

After a robust notice program that informed more than 46,000 potential Class Members or nominees of the terms of the proposed Settlement, Plan of Distribution, and request for an award of attorneys' fees and expenses, not a single Class Member has filed an objection to any aspect of Lead Plaintiffs' motion. Based on this overwhelmingly positive reaction of the Class, and for the reasons set forth in Lead Plaintiffs' initial filings in support of their motion (Doc. 107), Lead Plaintiffs respectfully request that the Court approve the Settlement and Plan of Distribution, and award of attorneys' fees and expenses.

[1] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Settlement Agreement, dated May 8, 2014 (Doc. 100-2).

## II. THE NOTICE PROGRAM

Pursuant to the Preliminary Approval Order, copies of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release Form ("Proof of Claim") were sent to over 46,000 potential Class Members or nominees. *See* paragraph 10 to the Declaration of Carole K. Sylvester Re A) Mailing of the Notice of Pendency and Proposed Settlement of Class Action and the Proof of Claim and Release Form, B) Publication of the Summary Notice, and C) Internet Posting ("Sylvester Decl."), Doc. 107-5 and paragraph 3 to the Supplemental Declaration of Carole K. Sylvester Re Mailing of the Notice of Pendency and Proposed Settlement of Class Action and the Proof of Claim and Release Form, submitted herewith. In addition to the mailed notice, the Summary Notice was published over the *PR Newswire* and in *Investor's Business Daily* on September 5, 2014. *See* Sylvester Decl., ¶13. The Notice, Proof of Claim, the Settlement Agreement, and Preliminary Approval Order were also posted on the Claims Administrator's website. *Id.*, ¶12. As a result, Class Members are now fully aware of the terms of the Settlement, the Plan of Distribution and the request for an award of attorneys' fees and expenses.

## III. THE COURT SHOULD APPROVE THE SETTLEMENT AND PLAN OF DISTRIBUTION

In response to the Court-approved notice program, no Class Members have objected to the Settlement or Plan of Distribution. The absence of any objections

demonstrates the reasonableness of the Settlement and Plan of Distribution. *See Stoetzner v. United States Steel Corp.*, 897 F.2d 115, 118-19 (3d Cir. 1990) (where "only" 29 out of 281 total class members objected, the response "strongly favors settlement").

Indeed, the lack of any objection demonstrates widespread support of the Settlement and Plan of Distribution, and weighs strongly in favor of approval. *In re Bear Stearns Cos.*, 909 F. Supp. 2d 259, 266 (S.D.N.Y. 2012) ("'It is well settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy.'") (citation omitted). Thus, the Court should approve the Settlement and Plan of Distribution.

## IV. THE COURT SHOULD APPROVE THE AWARD OF ATTORNEYS' FEES AND EXPENSES

The Third Circuit has stated that passage of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") "shift[ed] the underpinnings of our class action attorneys['] fees jurisprudence in the securities area." *In re Cendant Corp. Litig.*, 264 F.3d 201, 282 (3d Cir. 2001). In a PSLRA case such as this, a fee request which has been approved and endorsed by properly-appointed lead plaintiffs enjoys a "presumption of reasonableness." *Id*. at 220, 283.

In *Cendant*, the Third Circuit held that it was an abuse of discretion to invalidate a fee agreement negotiated between counsel and three institutional investors, in favor of a sealed-bid auction for legal services. In so holding, the court

explicitly recognized that, in enacting the PSLRA, Congress expressed its strong belief that an institutional lead plaintiff would be in a better position than courts to protect the interests of the class by monitoring lead counsel throughout the litigation and by negotiating a reasonable fee for counsel's representation. *Id*. at 276 (holding that Congress believed that "institutional investors would likely do a better job than courts at selecting, retaining, and monitoring counsel than courts have traditionally done"). Accordingly, the court held that a fee agreement negotiated between a properly selected lead plaintiff and its counsel should be accorded a "presumption of reasonableness":

> [U]nder the PSLRA, courts should accord a presumption of reasonableness to any fee request submitted pursuant to a retainer agreement that was entered into between a properly-selected lead plaintiff and a properly-selected lead counsel. . . . This presumption will ensure that the lead plaintiff, not the court, functions as the class's primary agent vis-a-vis its lawyers.

*Id*. at 282.[2] *Compare In re AT&T Corp. Sec. Litig.*, 455 F.3d 160, 168-69 (3d Cir. 2006) (cautioning against affording the presumption too much weight).

Here, the fee request has been approved by Lead Plaintiffs City of New Haven Employees' Retirement System and Plumbers and Pipefitters Locals 502 & 633

---

[2] The court also stated that only if lead plaintiff and lead counsel were unable to agree on a revised fee to account for the changed circumstances could a court be justified in holding that the presumption of reasonableness had been abrogated and to review the fee request using traditional standards. *Id*. at 283.

Pension Trust Fund – two sophisticated institutional investors preferred by the PSLRA. Accordingly, the requested fee is presumptively reasonable.

Once the presumption of reasonableness attaches, as it has in this case, the Third Circuit noted that it can be rebutted only by a showing that the requested fee is clearly excessive. *See Cendant*, 264 F.3d at 220, 283. Here, no such showing has been made. Nor could it be, as the requested fee and expenses can in no way be considered excessive.

This conclusion is supported by the reaction of the Class. No Class Members have objected to any aspect of the requested fee and expenses. This further supports the fee and expense request. *In re Sterling Fin. Corp. Sec. Class Action*, No. MDL 1879, 2009 U.S. Dist. LEXIS 83224, at *9 (E.D. Pa. Sept. 11, 2009) (where there were only two objections to the fee request, this factor weighed strongly in favor of approving the requested fee award); *Boone v. City of Philadelphia*, 668 F. Supp. 2d 693, 713 (E.D. Pa. 2009) (where there was just one objection to the proposed attorneys' fees, this weighed in favor of approving the requested fees).[3] For these

---

3 Furthermore, only five of the over 46,000 potential Class Members (or nominees) who were sent the Notice have submitted valid requests for exclusion from the Settlement. Those requests for exclusion are identified in Exhibit 1 to the proposed judgment. Two additional requests for exclusion were received but were deemed invalid because they did not contain the information required by the Preliminary Approval Order. (Doc. 105 at ¶10).

reasons, the Court should grant Lead Counsel's request for attorneys' fees and expenses.

## V. CONCLUSION

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court approve the Settlement, the Plan of Distribution, and the request for an award of attorneys' fees and expenses.

DATED: December 3, 2014

Respectfully submitted,

COHN LIFLAND PEARLMAN
HERRMANN & KNOPF LLP
PETER S. PEARLMAN

s/ Peter S. Pearlman
PETER S. PEARLMAN

Park 80 West-Plaza One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
Telephone: 201/845-9600
201/845-9423 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
& DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
ERIN W. BOARDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Lead Counsel for Plaintiffs

KAHN SWICK & FOTI, LLC
MICHAEL A. SWICK
250 Park Avenue, Suite 2040
New York, NY 10177
Telephone: 212/696-3730
504/455-1498 (fax)

Additional Counsel for Plaintiffs