COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 West-Plaza One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
Telephone: 201/845-9600
201/845-9423 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
ERIN W. BOARDMAN
58 South Service Road, Suite 200
Melville, NY  11747
Telephone: 631/367-7100
631/367-1173 (fax)

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY DUDLEY, Individually and On Behalf of All Others Similarly Situated, ) ) ) | No. 2:11-cv-05196-WJM-MF |
| Plaintiff, ) ) ) | CLASS ACTION |
| vs. ) ) ) | [PROPOSED] ORDER AWARDING PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES AND COSTS, CHARGES AND EXPENSES |
| CHRISTIAN W. E. HAUB, et al., ) ) ) | |
| Defendants. ) ) | |

THIS MATTER having come before the Court on December 18, 2014, on the motion of Lead Counsel for an award of attorneys' fees and costs, charges and expenses ("expenses"); the Court, having considered all papers filed and proceedings conducted herein, having found the settlement of the Action to be fair, reasonable and adequate, and otherwise being fully informed in the premises and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.   All of the capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement dated as of May 8, 2014 (the "Stipulation").

2.   This Court has jurisdiction over the subject matter of this application and all matters relating thereto, including all members of the Class who have not timely and validly requested exclusion.

3.   Lead Counsel is entitled to a fee paid out of the common fund created for the benefit of the Class. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478-79 (1980). In class action suits when a fund is recovered and fees are awarded therefrom by the court, the Supreme Court has indicated that computing fees as a percentage of the common fund recovered is proper. *See Blum v. Stenson*, 465 U.S. 886, 900 n.16 (1984). The Third Circuit expressly recognizes that a percentage-of-the-fund is the preferred method of determining fees in a common fund case. *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 820 n.39 (3d Cir. 1995). Moreover,

the Private Securities Litigation Reform Act of 1995 ("PSLRA") embodies a clear policy preference for awarding fees through the percentage-of-the-fund method. *See In re Cendant Corp. Sec. Litig.*, 404 F.3d 178, 188 n.7 (3d Cir. 2005).

4. Lead Counsel has moved for an award of attorneys' fees of 25% of the Settlement Amount, plus interest.

5. This Court adopts the percentage-of-recovery method of awarding fees in this case.

6. The Court hereby awards attorneys' fees of 25% of the Settlement Amount, plus expenses of $41,129.06, plus any interest on said amounts at the same rate as earned on the Settlement Amount. The Court finds the amount of the fees and expenses to be fair and reasonable. The Court further finds that a fee award of 25% of the Settlement Amount is consistent with awards made in similar cases and in accordance with guidance provided by the Third Circuit.

7. The Court further finds that the amount of fees awarded is fair and reasonable when cross checked under the lodestar/multiplier method, given the substantial risks of non-recovery, the time and effort involved, and the result obtained for the Class.

8. The awarded fees and expenses shall be allocated among Plaintiffs' Counsel by Lead Counsel in a manner which, in its good faith judgment, reflects each counsel's contribution to the prosecution and settlement of the Action.

9.  In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered each of the applicable factors set forth in *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 195 n.1 (3d Cir. 2000). In evaluating the *Gunter* factors, the Court finds that:

(a)  Lead Counsel expended considerable effort and resources over the course of the Action researching, investigating, and prosecuting Lead Plaintiffs' claims. The services provided by Lead Counsel were efficient and highly successful, resulting in a very good recovery for the Class without the substantial expense, risk, and delay of continued litigation. Such efficiency and effectiveness supports the requested fee percentage.

(b)  Cases brought under the federal securities laws are notably difficult and notoriously uncertain. *See, e.g., In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, No. MDL 1500, 2006 U.S. Dist. LEXIS 17588, at *31 (S.D.N.Y. Apr. 6, 2006). "[S]ecurities actions have become more difficult from a plaintiff's perspective in the wake of the PSLRA." *In re Ikon Office Solutions, Inc., Sec. Litig.*, 194 F.R.D. 166, 194 (E.D. Pa. 2000). This case was not aided by any governmental investigation. Despite the novelty and difficulty of the issues raised, Lead Counsel secured a noteworthy result for the Class.

(c)  The recovery obtained and the backgrounds of the lawyers involved in the lawsuit are the best evidence that the quality of Lead Counsel's

representation of the Class supports the requested fee. Lead Counsel demonstrated that notwithstanding the barriers erected by the PSLRA, it would develop evidence to support a convincing case. Based upon Lead Counsel's diligent efforts on behalf of the Class, as well as its skill and reputation, Lead Counsel was able to negotiate a very favorable result for the Class. In addition, Defendants were represented by highly experienced lawyers. The standing of opposing counsel should be weighed in determining the fee, because such standing reflects the challenge faced by Lead Plaintiffs' attorneys. The ability of Lead Counsel to obtain a favorable settlement for the Class in the face of such formidable opposition confirms the superior quality of its representation and the reasonableness of the fee request.

(d)   The requested fee of 25% of the Settlement Amount is within the range normally awarded in cases of this nature.

(e)   Plaintiffs' Counsel's total lodestar is $1,210,744.75. A 25% fee represents a multiplier of 1.86 to their aggregate lodestar.

10. The awarded attorneys' fees and expenses, and any interest earned thereon, shall be paid to Lead Counsel from the Settlement Fund pursuant to the terms, conditions and obligations of the Stipulation, and in particular ¶7.2 thereof, which terms, conditions, and obligations are incorporated herein.

IT IS SO ORDERED.

DATED: 1/5/15

_____
THE HONORABLE MARK FALK
UNITED STATES MAGISTRATE JUDGE