COHN LIFLAND PEARLMAN
  HERRMANN & KNOPF LLP
PETER S. PEARLMAN
Park 80 West-Plaza One
250 Pehle Ave., Suite 401
Saddle Brook, NJ 07663
Telephone: 201/845-9600
201/845-9423 (fax)

Liaison Counsel

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
ROBERT M. ROTHMAN
ERIN W. BOARDMAN
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICKY DUDLEY, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRISTIAN W. E. HAUB, et al.,<br><br>    Defendants. | No. 2:11-cv-05196-WJM-MF<br><br><u>CLASS ACTION</u><br><br>[~~PROPOSED~~] FINAL JUDGMENT AND ORDER OF DISMISSAL WITH PREJUDICE |

The above-entitled action (the "Action") came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated August 13, 2014, on the application of (i) Lead Plaintiffs City of New Haven Employees' Retirement System and Plumbers and Pipefitters Locals 502 & 633 Pension Trust Fund and (ii) Defendants Frederic Brace, Eric Claus, Brenda M. Galgano and Christian W.E. Haub (the "Settling Defendants", and together with Lead Plaintiffs, the "Settling Parties") for approval of the Settlement set forth in the Settlement Agreement dated May 8, 2014.  Due and adequate notice having been given to the Class preliminarily certified in the Notice Order and in accordance with the terms thereof, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.     This Court has jurisdiction over the subject matter of the Action and over all Settling Parties and all members of the Class.

2.     Pursuant to Federal Rule of Civil Procedure 23, the Court finally certifies the Class defined as all Persons who purchased the publicly-traded securities of The Great Atlantic & Pacific Tea Company, Inc. ("A&P" or the "Company") between July 23, 2009 and December 10, 2010, inclusive.  Excluded from the Class are:

(a) Persons or entities who submitted valid and timely requests for exclusion from the Class (attached as Exhibit 1); and

(b) Defendants, the Company, the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Settling Defendants have or had a controlling interest.

3. Pursuant to Federal Rule of Civil Procedure 23, and for the purposes of settlement only, the Court finds that the prerequisites for a class action under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied in that (a) the size of the Class is so numerous that it would be impracticable to join all Class Members as individual parties; (b) the claims of the Lead Plaintiffs are typical of the claims of the members of the Class; (c) there are questions of law and fact common to the Class which predominate over any individual question; (d) Lead Plaintiffs and Lead Counsel have fairly and adequately represented the interests of the Class; and (e) a class action is the superior method for resolving the disputes between the parties.

4. Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class and as to each of the Settling Parties, and that the Settlement Agreement and Settlement are hereby finally approved in all respects.

5. Accordingly, the Court authorizes and directs implementation of all the terms and provisions of the Settlement Agreement, as well as the terms and provisions hereof. The Court hereby dismisses the Action with prejudice, without costs as to any Settling Party, except as and to the extent provided in the Settlement Agreement and herein.

6. Upon the last of (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of the time in which to appeal the Judgment has passed without any appeal having been taken; and (iii) if a motion to alter or amend is filed or if an appeal is taken, the determination of that motion or appeal in such a manner as to permit the consummation of the Settlement, in accordance with the terms and conditions of the Settlement Agreement or with such modifications thereto that counsel for all Settling Parties agree to in writing ("Judgment Effective Date"), and as provided in the Settlement Agreement, Lead Plaintiffs and each of the Class Members shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Persons, whether or not such Class Member executes and delivers the Proof of Claim and Release distributed to Class Members pursuant to the Notice Order. "Released Claims" means any and all claims, whether known or unknown (including, but not limited to, "Unknown

Claims"), that were asserted or could have been asserted in this Action by Lead Plaintiffs or members of the Class arising from both (i) the purchase, retention, sale or other transfer or disposition of publicly-traded securities issued by A&P during the Class Period, and (ii) the acts, facts, statements or omissions that were asserted or could have been asserted in the Action by Lead Plaintiffs or members of the Class, whether brought directly, derivatively, or in any other capacity, against the Released Persons under federal, state or any other law. "Released Persons" means each and all of Defendants, A&P and each and all of their respective present or former parents, subsidiaries, affiliates (as defined in 17 C.F.R. §210.1-02(b)), successors and assigns, and each and all of the respective present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, investment bankers, representatives, general and limited partners and partnerships, any trust of which any such persons or entities is a settlor, trustee or beneficiary, heirs, executors, administrators, successors, affiliates, and assigns of each of them. "Unknown Claims" means any Released Claims which Lead Plaintiffs or any Class Members do not know or suspect, regardless of whether they should have known or suspected, to exist in his, her or its favor at the time of the release of the Released Persons which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement. For purposes of this paragraph, an

"appeal" shall include any petition for a writ of certiorari or other writ that may be filed in connection with approval or disapproval of this Settlement, but shall not include any appeal which concerns only the issue of attorneys' fees and expenses or any Plan of Distribution of the Settlement Fund.

7. Upon the Judgment Effective Date, each of the Defendants, except Ronald Marshall, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiffs, each and all of the Class Members, and Lead Counsel from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of the Action or the Released Claims.

8. Upon the Judgment Effective Date, and as provided in the Settlement Agreement, Lead Plaintiffs and each of the Class Members, and their heirs, executors, administrators, successors, and assigns, shall also be deemed to have, and by operation of this Judgment shall have fully, finally, and forever released, relinquished, and discharged Defendants and Defendants' counsel from all claims (including the Unknown Claims) arising out of the defense, conduct, settlement, or resolution of the Action and the Released Claims.

9. Upon the Judgment Effective Date, Lead Plaintiffs and each of the Class Members who have not timely opted out of the Class, and their predecessors,

successors, agents, representatives, attorneys, and affiliates, and the heirs, executors, administrators, successors, and assigns of each of them, directly or indirectly, individually, derivatively, representatively, or in any other capacity, shall be permanently barred and enjoined from the assertion, institution, maintenance, prosecution, or enforcement against Defendants, or any other Released Persons, in any state or federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released Claims (including, without limitation, Unknown Claims), as well as any other claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims.

10.  The Notice of Pendency and Proposed Settlement of Class Action given to the Class in accordance with the Notice Order entered on August 13, 2014, was the best notice practicable under the circumstances, including the individual notice to all members of the Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement set forth in the Settlement Agreement, to all persons and entities entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

11. Any plan of distribution submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

12. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Persons; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Persons; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiffs were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. The Released Persons may file the Settlement Agreement and/or this Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

13. Any and all Persons are permanently barred, enjoined and restrained, to the fullest extent permitted by applicable law, from commencing, prosecuting or

asserting any claim for indemnity or contribution against any Released Person (or any other claim against any Released Person where the alleged injury is a Person's actual or threatened liability to the Class or any Class Member) based upon, arising out of or related to the Released Claims, whether arising under state, federal or foreign law, as claims, cross-claims, counterclaims, or third-party claims, whether asserted in the Action, in this Court, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere. However, with respect to any judgment that the Class or a Class Member may obtain against such Person based upon, arising out of or relating to any Released Claim belonging to the Class or Class Member, that Person shall be entitled to a credit of the greater of (i) an amount that corresponds to the percentage of responsibility of the Defendants for the loss to the Class or the Class Member or (ii) the amount paid by or on behalf of the Defendants to the Class or Class Member for common damages.

14.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) implementation of this Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; (c) hearing and determining applications for attorneys' fees, interest, and expenses in the Action; and (d) all Settling Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

15. The Court finds that during the course of the Action, all present and former parties in the Action and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

16. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Judgment Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is required by the Court to be returned to the Settling Defendants, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

17. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

18. The Court directs immediate entry of this Final Judgment and Order of Dismissal with Prejudice by the Clerk of the Court.

IT IS SO ORDERED.

DATED: 1/5/15

_____
THE HONORABLE MARK FALK
UNITED STATES MAGISTRATE JUDGE